Residing Judge Gould, may it please the court, Robert Collings Little on behalf of the plaintiff and the appellant, MFIB. Your Honors, this is an easy case that the District Court made hard. It turns on 12 words at the end of the Lanham Act, Section 33B5, codified at 1115. Those words start with these words, provided, however, that this defect or defense shall apply, and the 12 words are, only for the area in which continuous prior use is proved. Well, that, it may seem unusual to you, but it seems to me that you're assuming that this is a nationwide treatment. On what do you base that conclusion? Well, Your Honor, we have a presumption of validity. We have a presumption of ownership and we have a presumption of exclusive national rights. So, let's assume that they have shown, however, prior use and privity. So, let's assume that they have shown prior use. Yes. You're now talking about geographic scope, correct? Yes, Your Honor. Okay, and so I'm trying to figure out from this record how the district judge was supposed to know what areas to impose it and what not to impose it. Because, Your Honors, the appellee, the defendant, provided an argument that B-5 applied and then they identified by the way, I'm not sure I want both sides to address this. I don't see how B-5 applies. B-5 only applies when we're talking about a junior, a junior right holder. And here, if they've shown privity in prior use, they are a senior right holder. But I don't think it really matters whether B-5 applies or not. I think everybody agrees that a prior user is entitled to priority in the geographic areas where they engaged in prior use. So, I'm trying to figure out how in this case the district judge was supposed to know that an injunction should exclude those areas and what the record shows about what those areas were. Well, Your Honor, to the extent, first, to the extent Your Honor said that B-5, Your Honor does not think it might apply. I think then Your Honor may be indicating that SANS, IBCA had common law rights, which would be T. Rose Rectinus. Stone Creek said that the analysis under B-5 and T. Rose Rectinus is now the same. Yeah, that's right. That's why I don't think it makes any difference whether it's B-5 or not. Understand, Judge Lewis. We agree with each other on that. Yes. My question is a simple one. The law seems to indicate that a prior user without a registration is a senior user in those areas where they used it geographically before. And as I read the record, the other side put in some evidence that they've used it geographically in some areas. Did you claim that they use it geographically in any other area? Yes. In other words, if you had said, well, wait a minute, they're infringing because they're not just using it in the areas of prior use. They're using it in other places, Dubuque. Then it seems to me that you would be, you would have a probability of success on the merits of that claim. But here, I don't see that you have a probability of success on an infringement claim because there's no evidence that they have used it anywhere outside the areas of prior use. Now, I'm not sure. By the way, let me add, I'm not sure it matters because you can always go back to the district court and say, wait a minute, we didn't put on this evidence before, but now we have evidence that they've used it in Dubuque and we'd like an injunction. They are now using it in Dubuque and we'd like an injunction against them doing so. But I'm just trying to figure out how we can fault the district court on this record for saying that you haven't proved a likelihood of infringement. So, Judge Hurwitz, what I'm drawing from your question is Your Honor does not think that MFRG ICON is entitled to an injunction stopping likelihood of confusion against ICON builders and them using that mark. But the record, they did present areas. I understand Your Honor's concern. But the defense, here, let me start this way. Well, you're not entitled to an injunction against them. Assuming that there was prior use imprivity, they are entitled to use it in those areas, correct? As a senior user. As a senior user. But the court must limit the defense. Yeah. See, and that's what I'm trying to figure out. And maybe I'm trying to approach this case from a practical matter. I don't think your friends on the other side dispute the principle that they're only entitled to engage in continued use of the mark in those areas of prior use. And I'm just trying to figure out what we're supposed to tell the district. You can go back to the district court and say, please issue an injunction limited to prior use. Or we can just affirm and you're still perfectly free to go to the district court and say. So you both seem to agree about the extent of their rights. And I'm trying to figure out what the appropriate solution for this is without telling the district judge, who wasn't, I think, presented with any evidence of infringement in areas other than areas of prior use. They're telling the district judge that he somehow screwed up here. And how can the district court have screwed up without having had the opportunity to determine where the senior use occurred? Double questions, Your Honors. Answer his first. I've had too much time. Your Honor, on this record, the continuous use is only proven in California. With respect to the other states, there was one after the frozen date in Lakeway, Texas. There were two projects. But in Arizona, Washington, Nevada, New Mexico, Colorado, Mississippi, Maryland, Oklahoma, Georgia, there were either significant gaps of non-continuous use. I'm asking you here to assume for purposes of this question that they'd established prior use and continuous use. In other words, you lost on that issue in front of the district court. You argued to the district judge that their use wasn't continuous, and the district court found that it was, that because of privity, it was continuous. We can review that finding, but we'll review it for at this stage with great deference to the district judge. I'd understood you to be making a different argument, was that the judge should have issued an injunction that went to those areas that they hadn't engaged in prior use in. Is that what you're arguing to us? It's both, Your Honor. Those areas- On the first one, maybe that's the question Judge Smith was asking. Why did the judge- You have the privity concept as well. Why did the judge clearly err in making that finding? Well, first of all, Your Honor, Your Honor went to the abuse of discretion standard and clear error for findings of fact. I don't think this is a findings of fact because there is absolutely no findings of fact regarding geography, not a state, not a city, not a zone. There are no geographic findings of fact whatsoever in the judge's order. The judge, the district court skipped that analysis entirely. That is legal error, which is- From which it could have drawn the information you just discussed. And the question, Your Honor, is- In other words, if in order to prove the case, you have to show geographically where this was used, was the district court provided with evidence from which it could have said, there's a continuous use in these places and therefore the injunction applies there? Yes, Your Honor. But starting with the premise of your question, it was not my burden to show continuous use geographically anywhere. That was a defense. But they did, see, the judge found that they did. The judge found, they said, we've been using it in various places. Yes. And the judge found that they'd shown continuous use. You're attacking that finding. And I'm saying if you're attacking that finding, we review it with a fair amount of deference to the district judge. I understood that you were making a second argument. Even assuming the judge's finding is correct, the judge should have issued an injunction preventing them from using it in areas other than those in which there was prior use. Are you making that argument or am I just mistakenly reading your brief? No, I think that we are making that argument. Okay. And that's the questions I've been asking. I'm trying to figure out how the judge was supposed to know that you wanted, well, what evidence is there that they are using it in another area? Now, start with my premise that continuous use and privity were established. Is there any evidence that they're using it in another area, in an area other than in which the judge found continuous use and privity? They provided a chart. No, just tell me where they're using it now that they weren't using it before. On this record, California, and after the frozen— But see, your California argument is based on your premise that continuous use wasn't shown. The judge found that continuous use was shown. So you can attack that finding and we can deal with it. But I'm trying to— Let's assume that the judge was correct in finding that there was continuous use and it was in the areas that the record shows they had used it in the past. Why are you entitled to an injunction prohibiting them from using it in areas where they're not using it? Well, your Honor, first of all, I don't believe that the district court made any geographic findings whatsoever. I agree. Agreed? I agree. Okay. So— But it seems to me once they establish prior use, the question in my mind is, do you have a claim that they're infringing in any area other than prior use, whether the district court made them or not? I just want to know what your— Well, let's go through the states, Nevada, Oklahoma, Colorado. What your Honor is presuming— But they're claiming prior use in all those places. Your Honor, yes, without showing any evidence. I don't think— Okay, but again, see, I hear your first— And I'm not trying to wrestle— No, you're making two arguments. You're making two arguments. Yes. The first argument is they haven't established the requisites to become a senior right-holder under the prior use doctrine because they haven't shown continuous use. Yes, your Honor, except for purposes of this appeal, I'm willing to concede California. The 176 projects in California— As to those other states, you say even though they didn't show the use was continuous in those states. Yes, your Honor. Let's assume I reject that argument, just for purposes of discussion, so you don't have to go back and make it again. I'm now trying to figure out what evidence there is that they are now using the mark in any place in which they didn't claim prior use. Well, I think the answer, your Honor, is in Stone Creek at page 436. The answer can't be in another case. I'm asking about this case. Is there any evidence that they're using the mark in any place other than the places where they claim prior use? Yeah, well, for example, your Honor, Texas, Nevada, Arizona. But they claim prior use in those places, right? Do they claim prior use in those places? Yes, your Honor, they do. Okay, so this is why we're having trouble. Yes. You want to go back and fight on the first issue, and I understand. We'll get to that issue. Yes, your Honor. I'm trying to figure, if you lose on the issue of continuous use in all the places where they claim prior use, and you lose on the issue of privity, then are you making a claim in this case that they're using the mark in any place other than the places where they claimed prior use? Not with — put aside whether they proved it to your satisfaction. Other than the places where they claimed prior use. So, your Honor, am I allowed to have a preliminary injunction as a national registrar? I'm not asking about entitlement to anything else. I'm just asking about — it may turn out to be irrelevant. Yes, your Honor. I'm just asking a factual question, which you don't want to answer. And so I'm asking you — No, no, no. I absolutely want to answer a factual question. Okay, whether or not you put in — assuming that their claims of prior use are valid and that they were proved up, do you have any evidence in this case that they're using the mark in any place other than those areas of prior use? Well, your Honor, I have a map. It's on — Just tell me what state in which they didn't claim prior use that they're now using the mark. In my mind, there is no state other than those that they claimed in which they are claiming prior use. That's all I needed you to say. And I'm so sorry it took us a long time to get there, your Honor. Now, your position is you're entitled to an injunction nonetheless as to those other areas because they might use the mark there.  And your Honor, the legal principle — I understand your Honor said, no, this case, not Stone Creek. But I did want to point out that in Stone Creek at page 436, the court said that the geographic scope of senior user rights in a registered trademark looks like Swiss Gs. It stretches through the whole United States with holes cut out where others acquired common law rights prior to the registration, unquote. Here, the district court's order gave SANS and IBCA the whole cheese. No, it didn't. He just denied an injunction. See, he didn't make a ruling that they were entitled to use it in all these places. The district court simply denied your motion for a preliminary injunction. You may well be entitled to an injunction. I'm not sure that they dispute that. I want to ask them that. But don't you have to go back to the district court and say, okay, Judge, maybe you didn't understand the first time. Very well. So you've had a wonderful opportunity to have an engagement with my colleague. And now we're going to hear from Mr. Fraser. Thank you, your Honor. And I suppose, may I have any time for rebuttal? We'll see. Thank you, Judge Smith. I appreciate it. Mr. Fraser. Good morning, your Honors. May it please the Court. My name is Eric Fraser on behalf of the Appellees. MFIB is not entitled to an injunction in areas where IBCA is not using. This is not a case where they came in and said, IBCA has seniority in these five states, but now all of a sudden they're using in Indiana. And IBCA has no rights in Indiana, so we need an injunction. What happened in this case is they came — Well, why not? You are using the mark. You don't claim senior rights in Indiana. Why shouldn't a judge give them an injunction against your use of the mark in places outside the geographic scope of your prior use? I don't know whether that means we should reverse or just say to them, they're perfectly free to make that argument to the judge, because the case is still pending in the district court. But you don't claim that you're entitled to use it in areas other than prior use, do you? We don't claim that we're entitled to use it in areas where we haven't shown continuous use. Okay. That's right. How can I tell from this record what areas that you've shown continuous use in? Well, first of all, can I answer the first question that you asked, Judge Horwitz? Of course. A registered user is not entitled to an injunction in the rest of the country if there's no infringement. Because to get an injunction, you have to show that there is infringement. If we're not infringing in the rest of the country, then they're not entitled to an injunction in the rest of the country. And that's my assumption, too. But your friend says, well, no, we're the registered holder, and they're using it in some places. We fear they'll use it elsewhere, and so we'd like an injunction. My difficulty is you really don't contest that you can't use it in any place except an area of prior use. That's right. Okay. So what are we fighting about here? We're fighting, I think, about the posture of the case and whether they're entitled to a preliminary injunction before trial on the merits. We agree that at trial on the merits, the district judge may very well need to make specific detailed geographic findings and get the map out and figure out where everyone's priority is. But we're fighting about whether the district court had to do that here on a preliminary injunction, and it didn't need to do that. I think the way that the case was teed up illustrates that. The arguments that were made for the preliminary injunction were principally based around a theory of abandonment, which is an all-or-nothing, winner-take-all theory. It's different than continuous use. It sounds similar, but it's different. So MFIB came into court and said, IBCA has no rights because they understand abandonment. But they don't seem to be contesting the non-abandonment finding. But that explains why if you go back and look at this record, there's not a thick record on where everyone was using and exactly what time. The district court set the preliminary injunction hearing for two and a half hours. Each side agreed ahead of time that they would have 45 minutes per side to put on evidence. And so the evidence the district court received was principally focused on abandonment, which is why you're not focused on geography. You're focused on putting all the dates in a row. That's what the district court was asked to decide. The district court rejected that theory and said, if that's your theory for why you get an injunction, you lose no injunction. It may very well be that at trial on the merits, the district court will need to make those specific detailed geographic findings. But it wasn't required to do so in this posture in a preliminary injunction, where the primary dispute between the parties was an abandonment issue that isn't tied to geographic scope. Whose burden was it to put on evidence of the geographic scope of prior use? Who was it? Whose burden? Is it yours? In other words, to strike me that prior use is a defense. Yes. And that part of your burden should be to show where you used it. So we have the burden ultimately at a trial on the merits under 1115b-5. At the preliminary injunction, the district court is basically being asked to make a prediction. Will we be able to show that after a trial on the merits? So I don't dispute we have the burden to put on the evidence of geographic use. But MFIB has the burden that they need an injunction now. They need an injunction before trial on the merits. And so they could have satisfied that burden perhaps by saying, IBCA is using the mark in Indiana. We have rights in Indiana. They don't have rights in Indiana. We need an injunction for Indiana. That's not what they did. They came in and said, IBCA has no rights anywhere because they abandoned the mark. And they're saying MFIB is entitled to an injunction because IBCA is the junior user everywhere because of a theory of abandonment. Once the district judge rejected that argument, it could deny the injunction. Because the only injunction MFIB asked for is a nationwide injunction. And it's not entitled to that. That is the one they submitted. But when I read their briefing below, in their reply briefing on the motion for preliminary injunction, at least in a footnote, they say, at the very least, we should be able to get an injunction as to those areas in which prior use was not shown. That's right. And so even if this doesn't fit within, you know, a strict waiver definition, it's not an abuse of discretion for the district judge to deny the injunction that they asked for in the proposed order, the findings of fact, conclusions of law. None of that has anything about a narrow injunction to only the regions where IBCA is currently using and MFIB has senior rights. That's not- Can I ask you to address something that I may have prevented your friend from addressing by asking too many questions, which is that he really wants us to rule that continuous prior use in these various areas wasn't shown. So how do we review the judge's finding that it was and why was the judge correct in your view? So you review, first of all, the ultimate review of whether the judge correctly denied the preliminary injunction as abuse of discretion. Obviously, the facts that lead to the continuous use finding are reviewed for clear error. It means if there is any circumstance in which that ruling is correct, you should affirm. Here, there's lots of evidence of continuous use in states around the country. And again, because the district judge was asked to grant a universal injunction, I think the question for this court was, did he deny- did the district judge deny his or abuse his discretion in denying that universal nationwide injunction? The answer is no, because the district judge was making a prediction that we would be able to show continuous use. And I think that's particularly true, again, when the core dispute between the parties- and I understand it was raised in a footnote. I don't dispute that. And we said so in our answering brief. But the core dispute between the parties was abandonment. So the question for the court is, for this court, is when the district judge is asked to issue a nationwide injunction on a theory of abandonment and then rejects that theory of abandonment, did he abuse his discretion in not making these detailed geographic findings? The answer is no. And there's no case anywhere that says that a district judge is required to make- to act as a cartographer and lay out the complete set of where the Swiss cheese holes are around the country at a preliminary injunction when that wasn't the key dispute between the parties. Do you dispute their ability to go back to the judge now and seek such an injunction? They can try. I'll say, Your Honor- Yeah, I mean, that's all I really need to know. No, I understand. Whether you think they'll win or lose. But it strikes me the case is still pending in the district court. The case is still pending. Indeed, there's no state-pending appeal, is there? There is not a state-pending appeal. So nothing prevents anybody from going back and seeking a more narrow injunction? That's correct, Your Honor. So they can try to- MFIB can try to do that if they can show there is a particular region where they have senior rights and they are facing irreparable harm and they can satisfy the balance of hardships and all the rest. They can try to get that injunction. This isn't obviously before you, but we've amended our complaint to add a claim for a cancellation of the petition. So the district judge, you know, we would now be raising different defenses than we did in the prior proceedings that are before you right now. But that's the key point is that we don't know how the case will play out. And when the time comes for the district court to make those detailed geographic findings, if that's what he's ultimately required to do, he'll have to set this for a hearing where each side gets more than 45 minutes to put on evidence. He set this for a two and a half hour hearing, which is enough. That's perfectly fine. We're not saying that there was anything wrong with that. That's enough time to evaluate an abandonment argument. That's not enough time to lay out the entire country and figure out where everyone has rights and figure out the whole map of Swiss cheese. And that's also not enough. I'm sorry, stepping away from the time aspect. Again, a registered user isn't entitled to an injunction in the rest of the country if there's no irreparable harm, if there's no infringement. Trademark law is very strange in the sense that you have lots of little islands of seniority where people have seniority over a registered mark. The senior user, I'm sorry, the registered user is not entitled to an injunction around the rest of the country if the senior user is just doing his thing in his little region of seniority and is not stepping outside that zone. The registered user doesn't get to come into court and get an injunction in the rest of the country where there's no infringement. Judge Hurwitz, you asked whether 1115b-5 is the right fit. Do you still want an answer to that question? Well, I think as your friend says, it doesn't matter. But on its face, it only seems to apply to somebody who has junior rights but was unaware of senior rights, and that's not this case. So first of all, I agree that it doesn't matter. It is kind of a strange fit, but I think it does apply. The key language that I think you're focusing on is whether we adopted the mark without knowledge of the registrant's prior use. I think that's what you're getting at. We did adopt our mark without knowledge of the registrant's prior use because there was no prior use. That's only because you're claiming that the registrant didn't use it prior to your use. Right. I don't think that's what it is. At least on its face, this statute seems to be about a different circumstance. But I'm not sure, as your friend says, that it matters. The test is the same. The test is the same. And I think that's kind of what's going on here is that before the statute was codified, there was a body of common law. And once the statute was codified, all attention sort of shifted to that statute. And so the common law kind of dried up. But it is the same test. I don't think anybody's disputing that. And there are cases like the Allard v. Advanced Programming case from the Sixth Circuit that apply the statute in this context where the unregistered user is the senior user. I think the core principle here, again, is that the district court wasn't required to make detailed geographic findings on a preliminary razor-thin record to deny the nationwide injunction that MFIB asked for. So we ask that you affirm. Thank you. Very well. So, counsel, we're going to give you the famous two-minute alligator pit deal. If you go past two minutes, down you go. I'm not sure if I want to get up or not. OK. You decide. OK. Thank you very much, Your Honors. First, I want to direct the Court's attention to ER 1188 and 1189, specifically 1188 line 27 to 1189-4. That is my friend on the other side's opposition to our request for a preliminary injunction. And that has a quotation of the statute, 1115b-5. And what Your Honors will find is that at the end of that quotation, my friends on the other side omitted, provided, however, that this defense or defect shall apply only for the area in which such continuous prior use is proved. That omission is where the district court started losing its way, I would say. Second, with respect to nationwide injunctions, assume, Your Honors, that there's a national conference of sophisticated purchasers in the affordable housing renovation market who are all meeting in Chicago in November. And they are all going to decide who they are going to hire to provide services, general contracting services, in this market. And both of us are there. And both of us are there under the dominant icon national mark when we've already shown that there's actual confusion. I do believe that we are entitled to a nationwide injunction, except for the areas in which senior use, or Your Honor called it juniors, but I'll just call it prior continuous use, was not proved. And I do not think we have to fly around the country and go from place to place like Whac-A-Mole whenever they decide to go into Maine or Hawaii or Alaska or Washington State and so on. I don't think that's how it works. I understand that, Your Honors, with respect to, I don't want to go into the alligator hole. Thank you very much, Your Honors. I appreciate your time today. Very well. Thanks to both counsel. We appreciate your argument. The case MFIB LLC versus IBCA is submitted. The court will take a 10-minute recess and then return to hear the case of Juriguy versus Packhart et al. We're taking a 10-minute recess. Thank you, Your Honors. All rise. This court stands in recess for 10 minutes.
judges: GOULD, SMITH, HURWITZ